Peter L. Helland
Helland Law Firm, PLLC
238 Second Avenue South
P. O. Box 512
Glasgow, Montana  59230
Telephone: (406) 228-9331
Fax: (406) 228-9335

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAY LYTLE, a/k/a JAY ROBERT FITZPATRICK,<br><br>             Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | Cause No. CV-08-57-BLG-RFC<br><br>**COMPLAINT** |

For his Complaint against the Defendant, Plaintiff alleges:

1.   This action is based upon the Federal Tort Claims Act, 28 U.S.C §1346(b); the Plaintiff resides in the above judicial district; and the acts and omissions herein complained of occurred in said judicial district, more particularly within the exterior boundaries of the Northern Cheyenne Indian Reservation located within the Billings Division.

2.   Plaintiff timely filed a Federal Tort Claims Act with the Department of Public Health and Human Services (DPHHS).  Plaintiff's claim has been pending with the Office of General Counsel, Department of Health and Human Services in Washington, D.C. for final determination.

DPHHS has not yet issued a final determination or denial in writing and sent by certified or registered mail as required under 28 U.S.C. §2675.

3. Pursuant to 28 U.S.C. §2675, Plaintiff is exercising his option to deem his claim as denied and proceed to this Court.

4. On or about August 17, 1999, Plaintiff fell from a truck while loading hay, injuring his left hand and wrist.

5. On August 18, 1999, Plaintiff sought treatment at the Indian Health Service ("IHS") emergency room at the Northern Cheyenne Service Unit, located in Lame Deer, Montana, within the exterior boundaries of the Northern Cheyenne Indian Reservation.

6. After being examined, Plaintiff was discharged with instructions to have his hand x-rayed the next day, August 19, 1999, because no one was available to take the x-ray on that date.

7. When Plaintiff appeared on August 19, 1999, to have his hand x-rayed, no one was available to take the x-ray.

8. On August 25, 1999, Plaintiff again reported to the emergency room at the Northern Cheyenne Service Unit and had his left hand/forearm x-rayed.

9. The August 25, 1999, x-ray was interpreted by Dr. Okonkwo as not showing a fracture.

10. Following the x-ray interpretation, Plaintiff was treated with an ACE wrap on his hand and instructed to use his hand as much as possible. No other follow-up treatment was recommended.

11. Over the next several weeks, Plaintiff experienced pain and swelling in left wrist and hand.

12. On or about September 28, 1999, Plaintiff underwent new x-rays at the Crow Agency Service Unit, Crow Agency, Montana, within the exterior boundaries of the Crow Indian Reservation in Montana.

13. X-rays taken on September 28, 1999, revealed a fracture of Plaintiff's left wrist.

14. At the time of reading the September 28, 1999, x-rays, the same doctor reviewed the August 25, 1999, x-ray and determined that the August 25, 1999, revealed a fracture.

15. Thereafter, Plaintiff was referred to James F. Schwarten, MD, of Orthopedic Surgeons in Billings, Montana, for treatment.

16. On September 30, 1999, Dr. Schwarten interpreted both the August 25, 1999, x-ray and the September 25, 1999, x-ray as showing a fracture of Plaintiff's greater multangular and scaphoid.

17. Dr. Schwarten further noted the September 28, 1999, x-ray revealed some healing of the multangular in a malposition.

18. Thereafter, Dr. Schwarten recommended Plaintiff undergo an interposition arthroplasty.

19. On October 15, 1999, Dr. Schwarten performed a tendon interposition arthroplasty, flexor carpi radialis, excision of greater multangular, and partial excision of scaphoid.

20. Because of the failure to timely diagnose and treat Plaintiff's wrist injury, Plaintiff experienced a reduction in the mobility of his left hand and wrist, which has inhibited his ability to earn a living ranching and rodeoing.

21. At the time of interpreting the August 25, 1999, x-ray, the Defendant, United States of America, by its employee, negligently deviated from the standard of care by failing to observe the

**Helland Law Firm, PLLC**
**Attorneys at Law**

fracture as revealed on the August 25, 1999, x-ray of Plaintiff's left wrist.

22.　As a direct and proximate result and in consequence of the negligence of the Defendant, Plaintiff was injured.

23.　As a direct and proximate result, and in consequence of the negligence of the Defendant, Plaintiff's injuries are severe and permanent in nature to his left wrist and arm; he has suffered and, with reasonable certainty, will continue to suffer great pain, and he has been and permanently will be hindered from attending to his affairs and duties and from following his usual occupation; he has been deprived of his ability to engage in various activities of life; and thereby he has been and will be deprived of large earnings and profits which he might otherwise have made, and he has been and will be compelled to expend or become liable for large sums of money for the care and treatment of his said injuries.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount of One Million Dollars ($1,000,000.00), or in any amount determined by this Court following trial, as well as costs of suit and any such further relief as the Court deems just.

DATED this 9th day of April, 2008.

　　　　　　　　　　　　　　　　　　　　　/s/ Peter L. Helland
　　　　　　　　　　　　　　　　　　　Peter L. Helland
　　　　　　　　　　　　　　　　　　　Helland Law Firm, PLLC
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff